IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOPE YVONNE BLOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:17-1178 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 15 and 18]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 16 and 19]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 18] is denied and Plaintiff's Motion [ECF No. 15] is granted.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

June 19, 2014. [ECF No. 9-7 (Ex. 2D)]. In her application, she alleged that she was disabled due to back problems, learning disability, scoliosis, pelvic problems, possible lupus, and osteoarthritis, and that she had been unable to work since January 2, 2002. [ECF No. 9-8 (Ex. 2E)]. Administrative Law Judge ("ALJ") Marty R. Pillion held a hearing on September 9, 2016, at which Plaintiff was represented by counsel. [ECF No. 9-3, at 37-71]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 63-68. In a decision dated December 21, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. ECF No. 9-2, at 17-30. On July 7, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 15 and 18]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in

light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ Erred in Making His RFC Determination

At step two of the analysis, the ALJ found that Plaintiff had numerous severe impairments, including diffuse osteoarthritis, traction spurs of the knees, possible rheumatoid arthritis of the left hip with bilateral hip pain, degenerative changes of the lumbar spine with back pain, degenerative disc disease of the cervical spine, mild convex left scoliosis, fibromyalgia syndrome, migraine headaches, shoulder pain, hyperthyroidism, vitamin D deficiency, major depressive disorder, post-traumatic stress disorder, generalized anxiety disorder, and panic disorder. [ECF No. 9-2, at 19]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 20-22. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except with the following limitations: the claimant could occasionally operate foot controls, balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she could never climb ladders, ropes, and scaffolds; she could frequently reach, handle, finger, and feel; she must not be exposed to high exposed places, or moving mechanical parts; she may have occasional exposure to weather,

4

extreme heat and cold, wetness, humidity, vibration, and atmospheric conditions; She could tolerate occasional operation of a motor vehicle and a moderate noise intensity level as defined in the Dictionary of Occupational Titles and Selected Characteristics of Occupations; she must never be exposed to flashing light but could tolerate occasional exposure to light brighter than that typically found in an indoor work environment, such as an office or retail store; she could understand, remember, and carry out simple instructions and make simple, work related decisions; she could work at a consistent pace but not at a production rate pace where each task must be completed within a strict time deadline; she could tolerate occasional changes in a routine work setting; she required ready access to a restroom, but that need could be accommodated by the normal morning, lunch, and afternoon breaks; she must be able to stand for 5 minutes after every 30 minutes of sitting; and she could remain on task while standing. Id. at 23-29.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the record does not contain any medical opinions concerning Plaintiff's functional limitations. [ECF No. 16, at 9-14]. The government does not dispute that there is no medical opinion evidence, from any source, regarding Plaintiff's functional limitations related to her various physical impairments. The Commissioner argues, however, that the responsibility for deciding a claimant's RFC belongs exclusively to the fact-finder and, therefore, that medical opinion evidence regarding a claimant's functional limitations is not required. [ECF No. 19, at 14-22]. Defendant contends that the ALJ reached his RFC finding in this case after careful consideration of the entire record and provided substantial evidentiary support for his conclusions. Id.

As an initial matter, I disagree with Plaintiff to the extent she suggests that the absence of a medical opinion regarding the claimant's functional limitations is *per se* fatal to the RFC analysis. While the ALJ must consider any medical opinion evidence provided, the ultimate responsibility

for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 416.927(d); 416.946; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."). Furthermore, the ALJ is charged with formulating the RFC based on *all* of the relevant evidence including all medical evidence or otherwise. 20 C.F.R. § 416.945(a); see also Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006) ("There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."); Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003) ("[T]he ALJ is responsible for making a residual functional capacity determination based on the medical evidence, and he is not required to seek a separate expert medical opinion.").

Although the absence of medical opinion evidence alone does not necessitate remand, it is axiomatic that the ALJ's RFC determination can stand only if supported by substantial record evidence. After careful review of the record and the ALJ's opinion, I agree with Plaintiff that such substantial evidence is lacking in this case.

In support of his finding that Plaintiff could perform sedentary work except as set forth in the RFC, the ALJ points primarily to Plaintiff's "conservative course of treatment," her range of activities of daily living, and his observations of Plaintiff at the hearing. [ECF No. 9-2, at 28-29]. The record evidence, however, does not uniformly support the ALJ's observations in this regard. For example, although the ALJ repeatedly refers to Plaintiff's course of treatment as "limited," "conservative," and "effective," the information contained in the 1000+ pages of medical records in this case suggests otherwise.[2] In addition to voluminous treatment notes which reflect frequent

---

[2] The fact that the ALJ often cites broadly to Exhibits often containing dozens to hundreds of pages, rather

6

and consistent treatment from multiple providers for her numerous impairments, these records contain multiple objective test results, significant medication histories, and documentation of numerous emergency room visits, which are consistent with Plaintiff's complaints of severe pain.[3] Furthermore, contrary to the ALJ's implication, the physical therapy records and records of joint injections appear to show only limited and/or short-term relief despite regular visits and treatment. In June 2016, for example, Plaintiff returned to physical therapy demonstrating increased pain levels, limited range of motion, and decreased strength similar to that observed during her prior courses of PT. [ECF No. 9-32 (Ex. 17F) at 890-897]. Similarly, in October 2015, Plaintiff complained to her pain management provider that her latest SI joint injection provided only five days of relief and that her pain level was still 8/10. See ECF No. 9-65 (Ex. 33F) at 1674; see also, e.g., id. at 1660, 1662, 1670, 1676, 1678 (reflecting only temporary relief from additional joint injections). Moreover, although the ALJ states that there was no evidence that Plaintiff required a TENS unit to manage her pain, the record contains multiple references to her use of a TENS unit, including notations in her physical therapy records, as well as a remark from her pain management specialist in August 2015 that she can use her TENS unit 3 to 4 times a day in combination with her medication and SI joint injection to help treat her pain. [ECF Nos. 9-32 (Ex. 17F) at 895; 9-62 (Ex. 28F) at 1569-1571; 9-65 (Ex. 33F) at 1680]. Finally, most of the activities of daily living that the ALJ cites in support of his RFC finding are not obviously inconsistent with

---

than precise page numbers, makes it especially difficult to discern the exact evidence on which he relies.

[3] The objective testing included, inter alia, MRI results revealing abnormal straightening of the cervical spine, moderate intervertebral degenerative disc disease at the C6-7 level with broad-based posterior disc bulge and associated posterior facet arthropathy moderate central canal narrowing, and moderate bilateral neural foramina stenosis; as well as multilevel intervertebral degenerative disc disease with broad-based posterior disc bulges at C3-4 and C4-5, and C5-6 multilevel mild central canal narrowing and bilateral neural foraminal stenosis at all levels. [ECF No. 9-35 (Ex. 17F) at 959-960]. Physical therapy testing also revealed limited ranges of motion and decreased strength. [ECF Nos. 9-10 (Ex. 2F) at 241-243, 262, 276; 9-11 (Ex. 3F) at 303-304; 9-32 (Ex. 17F) at 890-897; 9-52 (Ex. 24F) at 1351-1354].

Plaintiff's claimed level of symptoms. For example, although Plaintiff cares for five children, she testified that the children are older and, along with her husband, frequently have to help her with household activities. [ECF No. 9-3 at 52-55, 59]. In addition, the ALJ repeatedly emphasizes Plaintiff's testimony that she swims at the YMCA as evidence she can do more than she claims. He fails to discuss, however, Plaintiff's physical therapy treatment notes indicating that Plaintiff participated in aquatic therapy as part of her treatment regimen. [ECF No. 9-62 (Ex. 28F) at 1571]. Moreover, the fact that Plaintiff can attend her children's chorus concerts, attend church once a week, and visit her mother does not translate to an ability to work eight-hours per day, five days per week on a sustained basis. See Smith v. Califano, 637 F.2d 968, 971-72 (3d Cir. 1981) ("It is well established that sporadic or transitory activity does not disprove disability.").[4]

It is well-established that an ALJ's failure to give a claimant's subjective pain complaints due consideration in the absence of corroborating objective findings is error. See id. at 972; Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir. 1993); see also S.S.R. 16-3p. Here, where there *is* objective evidence that corroborates Plaintiff's complaints of severe pain, the case for remand is even stronger. This is especially true in this circumstance given the lack of medical opinion evidence as to Plaintiff's physical functional limitations. Without such evidence, I am

---

[4] As noted above, the ALJ also relied on his observations of Plaintiff at the hearing as a basis for his RFC determination. Plaintiff argues that the ALJ engaged in impermissible "sit and squirm" jurisprudence when he listed Plaintiff's ability to "sit comfortably" throughout the 47-minute hearing among his reasons for finding Plaintiff's pain complaints not fully credible. [ECF No. 16, at 15]. The "sit and squirm" method is employed when an ALJ expects a claimant to behave a certain way at the hearing and, if the claimant fails to manifest the behaviors, the claim is denied. Van Horn v. Schweiker, 717 F.2d 871 (3d Cir.1983); Facyson v. Barnhart, 94 F. App'x 110, 114 n.7 (3d Cir. 2004). Typically, where Plaintiff's demeanor is not the *sine qua non* of the ALJ's disability determination, and the ALJ considers Plaintiff's demeanor at the hearing in conjunction with other evidence in the record in determining whether Plaintiff was fully credible, remand is not warranted. See Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003); Shaffer v. Colvin, No. CIV.A. 14-1114, 2015 WL 4077759, at *9 (W.D. Pa. July 6, 2015). Although I would not order remand in this case on this ground alone, the other deficiencies described above, coupled with the objective evidence corroborating Plaintiff's pain complaints, requires that the ALJ re-assess this issue as well on remand.

8

unable to discern a sound basis for the ALJ's lay interpretation of these objective records and results that appear on their face to be consistent with Plaintiff's alleged pain. See Mason, 994 F.2d at 1067-68 ("Where medical evidence does support a claimant's complaints of pain, the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence.").

For all of these reasons, I find that the ALJ's RFC determination is not supported by substantial evidence and that remand is warranted. Given the record evidence, including Plaintiff's testimony, medical records, and objective test results, that arguably corroborates Plaintiff's pain complaints and other symptoms, I further direct the ALJ on remand to order consultative examinations as to Plaintiff's physical and mental functional capacity to work.[5] Although such medical opinion evidence might not change the ALJ's RFC, I find that it is necessary for the ALJ to make an informed disability decision in this case. See 20 C.F.R. 416.919(a); Basil v. Colvin, No. Civ. A. 12-315E, 2014 WL 896629, at *2 (W.D. Pa. Mar. 6, 2014).

### C. Whether the ALJ Erred in Assessing Plaintiff's Credibility

Plaintiff also argues that the ALJ's credibility determination is not supported by substantial evidence. [ECF No. 16, at 14-15]. In considering the intensity, persistence, and limiting effects

---

[5] Unlike with Plaintiff's physical impairments, the record contains some limited medical opinion evidence with respect to Plaintiff's mental impairments. First, one of Plaintiff's treating providers, Dr. Ignatius, opined that Plaintiff was "permanently disabled" due to major depressive disorder, PTSD, generalized anxiety disorder, and panic disorder. [ECF No. 9-17 (Ex. 12F)]. Second, non-examining state agency psychologist, Dr. Santilli, reviewed the medical record and completed a Psychiatric Review Technique Form but concluded that Plaintiff's mental impairments were non-severe. [ECF No. 9-4 (Ex. 2A)]. The ALJ, however, gave both of these opinions little/minimal weight. Regarding Dr. Ignatius, the ALJ properly assigned his opinion minimal weight because it was offered on a check-box form without explanation and was inconsistent with the less restrictive objective findings contained in his own treatment notes. See ECF No. 9-2, at 28 (citing Exs. 11F, 12F, 37F). The ALJ then gave Dr. Santilli's opinion little weight because he disagreed with Dr. Santilli that Plaintiff's mental impairments were non-severe and felt that Plaintiff was more limited than Dr. Santilli opined. Id. (citing Ex. 2A). Although the ALJ's mental RFC finding is better supported by the record evidence than his physical findings, I find that a mental consultative examination is prudent on remand for all of the reasons discussed elsewhere herein.

of an individual's symptoms (including pain), the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant record evidence. SSR 16-3p.[6] Additionally, the ALJ will consider statements from treating, examining and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 416.929(c); SSR 16-3p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. Id. I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

As discussed more fully above, the ALJ's failure to give Plaintiff's subjective pain complaints due consideration despite the presence of objective evidence that corroborates those complaints and the absence of medical opinion evidence discounting them requires remand in this case. Without such evidence, I am unable to discern a sound basis for the ALJ's lay interpretation of the objective findings of record that appear on their face to be consistent with Plaintiff's alleged pain.

---

[6] Social Security Ruling 16-3p, effective March 28, 2016, rescinded and superseded Ruling 96-7p. Because the date of the ALJ's opinion in this case, December 21, 2016, post-dates the March 28, 2016 effective date, Ruling 16-3p applies. See 82 Fed. Reg. 49462 (clarifying that SSA adjudicators will apply Ruling 16-3p when making determinations and decisions after March 28, 2016). Although the two rulings do not materially differ in substance, Ruling 16-3p eliminates the use of the term "credibility" and clarifies that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p.

## III.  CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options.  It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration.  42 U.S.C. § 405(g) (sentence four).  In light of an objective review of all the evidence contained in the record, I find that the ALJ's RFC and credibility findings are not supported by substantial evidence.  The case therefore is remanded for further consideration in light of this Opinion.  For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOPE YVONNE BLOYER, )
)
        Plaintiff, )
)
   vs. ) Civil Action No. 2:17-1178
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
)
        Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 19th day of September, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 15] is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 18] is DENIED.

                                           BY THE COURT:

                                           /s/ Donetta W. Ambrose
                                           Donetta W. Ambrose
                                           U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).